UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO. 06-31-KKC

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                      **OPINION AND ORDER**

WHITNEY ISIAH TILLMAN                                     DEFENDANT

\* \* \* \* \*

On August 17, 2006, a federal grand jury returned an indictment against the Defendant, Whitney Isiah Tillman ("Tillman"), charging him with knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base ("crack cocaine"). On October 27, 2006, the Defendant filed a Motion to Suppress evidence seized from his person on May 26, 2006, on the grounds that the search and seizure of the cocaine from his person was in violation of the Fourth Amendment to the United States Constitution. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge held an evidentiary hearing on the Defendant's Motion to Suppress on November 13, 2006. Following the hearing and after receiving responsive pleadings, the Magistrate Judge filed a Report and Recommendation [DE #29] on November 30, 2006. Based on the evidence presented at the hearing and the applicable case law relevant to Fourth Amendment search and seizure, the Magistrate Judge concluded that there was no Fourth Amendment violation. Accordingly, the Magistrate Judge recommends that the Defendant's Motion to Suppress [DE # 15] be denied.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

On December 11, 2006, the Defendant filed an objection to the report and recommendation based on the argument the arresting officers were not authorized to order the Defendant to exit the vehicle so that the vehicle could be searched incident to the driver's arrest for reckless driving and operating on a suspended license. [DE #30]. The Defendant argues that in order for an officer in this situation to validly order a passenger out of the automobile and search the vehicle, it is necessary that either officer safety issues or a need to preserve the evidence be present. The Defendant relies on *Thornton v. United* States, 541 U.S. 615 (2004) in support of this proposition.  However, the Supreme Court in *Thornton*, expressed the need for a clear rule so that officers are not forced to make last minute decisions regarding their safety. 541 U.S. 615. This case emphasizes that a police officer may lawfully search the passenger compartment of a vehicle following a lawful custodial arrest even if the person arrested is no longer inside the car. *Id*.

Having considered Defendant's objections, which the Court finds to be without merit, and having made a de novo determination, the Court hereby adopts the Magistrate Judge's proposed findings of fact and conclusions of law.

Having examined the record, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court, being otherwise sufficiently advised, **HEREBY ORDERS** that:

(1) The Report and Recommendation [DE # 29] is ADOPTED as the opinion of this Court;

(2) Defendants's Motion to Suppress [DE #15] is DENIED;

This the 20th day of December, 2006.



Signed By:

*Karen K. Caldwell*
**United States District Judge**